JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
DANIELLE J. BARRAZA, ESQ.
Nevada Bar No. 13822
**MAIER GUTIERREZ & ASSOCIATES**
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone: 702.629.7900
Facsimile:  702.629.7925
E-mail:     jag@mgalaw.com
            djb@mgalaw.com

*Attorneys for Plaintiff Jasmine Assi*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JASMINE ASSI, individually, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| MILLER'S ALE HOUSE, INC., a foreign corporation; DOES I-X; and ROE BUSINESS ENTITIES I-X, inclusive, | |
| Defendants. | |

### **COMPLAINT WITH JURY DEMAND**

Plaintiff JASMINE ASSI, by and through her attorneys of record, the law firm MAIER GUTIERREZ & ASSOCIATES, hereby demands a trial by jury and complains and alleges against MILLER'S ALE HOUSE, INC., a foreign corporation, and DOES I-X and ROE BUSINESS ENTITIES I-X, inclusive (collectively, "Defendants") as follows:

### **JURISDICTION, VENUE AND LEGAL BASIS FOR THIS ACTION**

1. This Court possesses jurisdiction over the matter under 28 U.S.C. § 1331 because Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because "a substantial part of the events or omissions giving rise to the claim[s] occurred" in Nevada.

1

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

3. On or about July 20, 2017, Plaintiff filed a formal charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  This filing fulfilled Plaintiff's obligation to initiate an administrative claim before seeking review in this Court.

4. In the EEOC filing, Plaintiff alleged facts demonstrating that she had been subjected to discrimination based on sex by Plaintiff's former employer, Miller's Ale House, in violation of public policy.

5. On or about July 21, 2017, the EEOC issued Plaintiff a "Notice of Right to Sue" letter stating that she would have within 90 days of the letter's receipt to file suit.

6. Plaintiff has met all administrative prerequisites to bring this lawsuit.

**PARTIES**

7. Plaintiff JASMINE ASSI ("Ms. Assi") is, and at all times pertinent hereto was, a resident of Clark County, Nevada.

8. Upon information and belief, defendant MILLER'S ALE HOUSE, INC. ("Miller's Ale House") is, and at all times pertinent hereto was, a foreign corporation authorized to conduct business in Clark County, Nevada.

9. The true names and capacities, whether individual, corporate, associate, partnership or otherwise, of the defendants herein designated as DOES I through X and ROE BUSINESS ENTITIES I through X, inclusive, are unknown to plaintiff, who therefore sues said defendants by such fictitious names.  Plaintiff will seek leave of the court to insert the true names and capacities of such defendants when the same have been ascertained and will seek further leave to join said defendants in these proceedings.

**GENERAL ALLEGATIONS**

10. Around January 18, 2012, Miller's Ale House hired Ms. Assi as a server.

11. While Ms. Assi was originally hired as a server, within a year Miller's Ale House promoted her to Manager and held this position throughout the remainder of her employment.

12. Throughout her employment at Miller's Ale House, Ms. Assi consistently received excellent performance reviews and feedback from her supervisors and other staff.

13. Ms. Assi was especially dedicated to the specific Miller's Ale House location she worked at – in Henderson, Nevada – as she was part of the team that originally opened up that location for business, and she moved to Henderson just to be closer to that location.

14. Ms. Assi has cultivated many positive business relationships in the Henderson community as a result of her success as a Miller's Ale House manager.

### SEXUAL HARASSMENT AT MILLER'S ALE HOUSE

15. Ms. Assi endured sexual harassment for the duration of her employment at Miller's Ale House, and suffered from retaliation after she reported the harassment and misconduct to management.

16. Ms. Assi was the subject of countless incidents of sex discrimination, pregnancy discrimination, and sexual harassment.

17. From the very beginning of Ms. Assi's tenure as a manager, Miller's Ale House treated her adversely because she was a woman.

18. For example, in 2014, Jason Testa, the regional manager of Miller's Ale House at the time, told Ms. Assi that he *doesn't like female managers*.

19. It is also an open secret that Miller's Ale House will not allow two women to be managers at the same store. All throughout Ms. Assi's tenure at Miller's Ale House, there has only ever been one female manager, and upon information and belief, this is the case for the other Miller's Ale House locations throughout the Las Vegas valley.

20. In addition, from 2015 through early 2016, Jerry Dale, a general manager, would comment on and harass Ms. Assi for not sharing details about her private dating life at work. Manager Dale told Ms. Assi in front of other employees and managers that she must be a lesbian because she is never with any men. Upon information and belief, none of the other male managers were ever subjected to such sexually demeaning comments.

21. Throughout her employment at Miller's Ale House, Ms. Assi was subjected to unwanted advances by men and women that manager Jerry Dale would solicit in an attempt to play matchmaker despite never being asked to do so.

22. On or around October 2015, Ms. Assi became pregnant.

3

23.     Ms. Assi waited five months before she informed Miller's Ale House of her pregnancy due to her justified fear of the harassment intensifying.

24.     Ms. Assi became noticeably pregnant during 2016 and the discrimination because of her sex and pregnancy became more frequent and pervasive.

25.     During Ms. Assi's pregnancy, a male Miller's Ale House manager was arrested for domestic violence.  This male manager was placed on paid suspension for three days while Miller's ale House allegedly "investigated the matter."  Instead of splitting up his shifts amongst all the other managers, Miller's Ale House punished Ms. Assi by forcing her to work 14-15 hour days (while pregnant).  Upon information and belief, none of the male managers were subjected to such treatment.

26.     During her pregnancy, Ms. Assi was constantly interrogated by other male managers, specifically Jason Testa, about whether she would return to work after her child was born despite having communicated clearly that she fully intended to return to her job after she gave birth.

27.     In 2016, Ms. Assi requested to use two weeks of paid time off during the first two weeks of her maternity leave.  Regional Manager Jason Testa told her that he would only give her the first week of her maternity leave as paid time off and that she would have to wait to use the second week of paid time off during her last week of maternity leave.  Regional Manager Testa told Ms. Assi he didn't want to give her the two weeks up front because he supposedly wanted to *make sure she was coming back*.  However, a male manager, Patrick Defafra, was able to take two full weeks of paid time off up front when he left for paternity leave.

28.     After she had her child in July 2016, Ms. Assi returned to work to find that her managerial tasks had been delegated to other employees and that Miller's Ale House was not going to reassign them back to her.  Upon information and belief, no male managers suffered this punishment after returning from paternity leave.

29.     In one instance, Ms. Assi was preparing to leave work after having completed a 12-hour shift and was told by a male manager that she *always was using her son as an excuse to leave early*.  However, another male manger was permitted to leave work in the middle of the work day for three hours to take care of his puppy.

///

**MS. ASSI REPORTS DISCRIMINATION AND MILLER'S ALE HOUSE RETALIATES AGAINST HER**

30. On or around April 10, 2017, Ms. Assi reported the unfair and sexually harassing treatment to general manager Jerry Dale, but nothing was ever done to correct the issue.

31. When Jerry Dale failed to correct the issue, Ms. Assi called her regional manager Jimmy Chico, who stated that everything she was telling him was just "hearsay" and that if she wanted to continue with her complaint it would only "open a can of worms" and she would not be happy with the result. Ms. Assi stated that she had nothing to hide, but Mr. Chico responded that he had "real problems to deal with," and that Ms. Assi should "be more humble and go have a beer with the guys," to fix the situation.

32. Thereafter, Ms. Assi was unjustly accused of having a romantic relationship with an hourly employee and then she was threatened with a sham "investigation" if she did not transfer to a different location. However, male managers commonly and openly have romantic relationships with hourly employees without fear or threat of "investigation."

33. Ms. Assi did not consent to moving to the different location (at Town Square in Las Vegas), and she demanded to be treated equally like the male managers. In response, on June 6, 2017, manager management ominously commented to Ms. Assi "We just don't want anything bad to happen to you."

34. Then Miller's Ale House suddenly began scheduling Ms. Assi for many closing shifts, even though management was aware such shifts are extremely difficult if not impossible for Ms. Assi to complete due to her childcare situation.

35. Approximately one month later, on July 15, 2017, Miller's Ale House caused and allowed a private fully nude photograph of Ms. Assi to be displayed on every TV monitor inside the Miller's Ale House restaurant – while Ms. Assi was working a shift that day. The photograph was being displayed from the Miller's Ale House laptop which controlled the TV monitors.

36. The photograph was a personal photograph and Ms. Assi is unsure how the photograph came into the possession of anyone at her work, or how it got onto the Miller's Ale House laptop, but Ms. Assi certainly did not transfer the photograph onto the Miller's Ale House laptop at any time.

37. Upon information and belief, the photograph was displayed in the restaurant on

purpose by another employee. Hundreds of people in the restaurant saw the photograph, and it was only brought to Ms. Assi's attention what was happening after she heard clapping, hollering, and a lot of commotion from the customers, which led her to look at the TV monitors where the photograph was displayed.

38. To Ms. Assi's dismay, not one Miller's Ale House employee or manager took any steps to remove the picture. Ms. Assi observed Miller's Ale House employees Patrick and Eric just standing around looking at the nude photograph TV monitors.

39. Ms. Assi had to literally run across the restaurant to the control room to take down the nude photograph herself.

40. Upon information and belief, no male employees have ever been subjected to such humiliating, embarrassing, and degrading treatment from Miller's Ale House.

41. Upon information and belief, Miller's Ale House orchestrated the nude photograph incident to retaliate against Ms. Assi for demanding an end to the sexual harassment she was being subjected to by members of management.

42. Instead of immediately opening up an investigation as to how the nude photograph got displayed on Miller's Ale House TV monitors, management informed Ms. Assi that she could not take the Miller's Ale House laptop home, yet manager Patrick Newell removed the laptop that night and supposedly delivered to manager Jon Buck's house.

43. The laptop should have never left the vicinity the night of the photograph incident, but Miller's Ale House management violated this policy, likely so that they could delete traces of who was responsible for the photograph ending up on the laptop.

44. After the photograph incident, Miller's Ale House essentially blamed and shamed Ms. Assi by complaining to her that the restaurant lost $4,000.00 because they had to comp a large party that had booked the venue that night.

**MS. ASSI IS FORCED ONTO DISABILITY AND CONSTRUCTIVELY DISCHARGED FROM MILLER'S ALE HOUSE**

45. Ms. Assi had no choice but to seek medical attention due to the severe trauma she suffered as a result of the July 15, 2017 photograph incident.

46. Ms. Assi was forced to go on disability and take FMLA leave due to the trauma, mental anguish, emotional distress and anxiety she suffered (and still suffers from) from due to the humiliating incident on July 15, 2017.

47. Ms. Assi recognized that the work environment had gotten so hostile, with Miller's Ale House refusing to do anything – even after the July 15, 2017 incident – that she had no choice but to resign on or around October 3, 2017.

## FIRST CLAIM FOR RELIEF

**Violation of Title VII of the Civil Rights Act – 42 U.S.C § 2000e-2(a)(1) – Unlawful Employment Practice (Sexual Discrimination)**

48. Plaintiff repeats and realleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporates the same herein by reference.

49. Ms. Assi has been subjected to unwelcome conduct because of her sex that unquestionably altered the terms and conditions of her employment.

50. Miller's Ale House created a hostile work environment when it tolerated inappropriate behavior towards Ms. Assi, including but not limited to, comments regarding her pregnancy and gender that were meant to harass and intimidate Ms. Assi, as well as the photograph incident that occurred on July 15, 2017.

51. Miller's Ale House also effectively punished Ms. Assi for being a woman with a child by scheduling only her to cover many closing shifts, forcing her to take on non-managerial duties, and forcing her to work extremely long hours.

52. The photograph incident on July 15, 2017 was a severe and egregious instance of sexual harassment.

53. Miller's Ale House treated Ms. Assi differently just because she was a woman, which included expecting Ms. Assi to work longer hours than any male counterpart and refusing to grant her paid time off up front during her maternity leave.

54. Miller's Ale House treated Ms. Assi differently because she was a woman, as other male managers never had nude photographs of themselves displayed in the workplace in front of hundreds of customers.

55. Miller's Ale House treated Ms. Assi differently because she was a woman because no other male manager at the Henderson restaurant was being forced out to a different location.

56. This obscene and persistent conduct unquestionably was severe or pervasive enough to alter the terms and conditions of Ms. Assi's employment.

57. Miller's Ale House is liable for the hostile work environment created by upper management and employees because it knew or should have known about the conduct and negligently allowed it to continue.

58. Because Ms. Assi reported this conduct to management, Miller's Ale House knew or should have known about the harassment and nonetheless took no reasonable steps to cure or prevent harassment.

59. Therefore, Ms. Assi can demonstrate that Miller's Ale House is liable for the creation of a hostile work environment.

60. Miller's Ale House's actions were taken with malice and/or with reckless indifferent to Plaintiff's federally-protected rights, which may make Miller's Ale House liable for punitive damages.

61. Miller's Ale House deprived Plaintiff from the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship by failing to rectify the sexually harassing behavior Plaintiff was subjected to at her place of employment.

62. As a result of Miller's Ale House's actions, Ms. Assi has suffered lost wages, mental anguish, inconvenience, and loss of enjoyment of life.

63. As a result of Miller Ale House's actions, it has been necessary for Ms. Assi to retain the services of attorneys and she is entitled to reasonable costs and attorneys' fees.

## SECOND CLAIM FOR RELIEF

**Violation of NRS 613.330 – Unlawful Deprivation of Employment**

64. Plaintiff repeats and realleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporates the same herein by reference.

65. Miller Ale House's discriminated against Ms. Assi by subjecting her to, among other discriminatory acts, loss of compensation, and retaliation.

8

66. This includes the sex discrimination and sexual harassment mentioned above, which is specifically incorporated by reference herein.

67. Other similarly situated employees were not exposed to the same discriminatory conduct.

68. Miller's Ale House's actions were taken with malice and/or with reckless indifferent to Plaintiff's federally-protected rights, which may make Miller's Ale House liable for punitive damages.

69. As a result of Miller Ale House's actions, Ms. Assi has suffered lost wages, mental anguish, emotional distress, inconvenience, and loss of enjoyment of life.

70. As a result of Miller's Ale House's actions, it has been necessary for Ms. Assi to retain the services of attorneys and she is entitled to reasonable costs and attorneys' fees.

### THIRD CLAIM FOR RELIEF

### Violation of Title VII – 42 U.S.C § 2000e-3(a) – Retaliation

71. Plaintiff repeats and realleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporates the same herein by reference.

72. On or around April of 2017, Ms. Assi engaged in a protected activity when she complained about the sexual harassment she was suffering in the workplace to various members of upper management at Miller's Ale House, including but not limited to general manager Jerry Dale and regional manager Jimmy Chico.

73. However, upon information and belief, Miller's Ale House never took up any kind of investigation into Ms. Assi's complaints, and they went ignored.

74. Upon information and belief, Miller's Ale House retaliated against Ms. Assi by making the workplace unbearable for her, which included making her close the restaurant numerous nights a week even though that presented an issue with her childcare situation, delegating her to non-managerial tasks, and constantly threatening to transfer her to the location on Town Square.

75. The retaliation culminated in the July 15, 2017 photograph incident which Ms. Assi has reason to believe Miller's Ale House intentionally orchestrated, based on the closeness in time between Ms. Assi's complaints to management about the sexual harassment she was suffering and the

incident.

76. The situation at work got so bad that Ms. Assi was constructively discharged on or around October 2, 2017.

77. Miller's Ale House has no genuine reason for its conduct, which led to Ms. Assi's termination.

78. Ms. Assi has reason to believe Miller's Ale House humiliated her and ultimately terminated her because she refused to go along with the culture of sexual harassment she was enduring.

79. Miller's Ale House's conduct would have been reasonably likely to deter any employee from engaging in a protected activity, and therefore, was plainly retaliatory in violation of Title VII.

80. Miller's Ale House's actions were taken with malice and/or with reckless indifferent to Plaintiff's federally-protected rights, which may make Miller's Ale House liable for punitive damages.

81. As a result of Miller Ale House's actions, Ms. Assi has suffered lost wages, mental anguish, emotional distress, inconvenience, and loss of enjoyment of life.

82. As a result of Miller's Ale House's actions, it has been necessary for Ms. Assi to retain the services of attorneys and she is entitled to reasonable costs and attorneys' fees.

### FOURTH CLAIM FOR RELIEF

### Violation of NRS 613.340 – Retaliation

83. Plaintiff repeats and realleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporates the same herein by reference.

84. Ms. Assi engaged in a protected activity when she complained to management about the discriminatory conduct she was suffering at Miller's Ale House.

85. Miller's Ale House pretextually instigated a sham "investigation" into Ms. Assi instead of actually investigating the perpetrators of sexual harassment against her.

86. Miller's Ale House retaliated against Ms. Assi by making the workplace unbearable for her, which included making her close the restaurant numerous nights a week even though that presented an issue with her childcare situation, delegating her to non-managerial tasks, and constantly

1 threatening to transfer her to the location on Town Square.

2 87. The retaliation culminated in the July 15, 2017 photograph incident which Ms. Assi
3 has reason to believe Miller's Ale House intentionally orchestrated, based on the closeness in time
4 between Ms. Assi's complaints to management about the sexual harassment she was suffering and the
5 incident.

6 88. The situation at work got so bad that Ms. Assi was constructively discharged on or
7 around October 2, 2017.

8 89. Miller's Ale House has no genuine reason for its conduct, which led to Ms. Assi's
9 termination.

10 90. Rather, Miller's Ale House acted in a retaliatory fashion because Ms. Assi refused to
11 go along with the culture of sexual harassment she was enduring.

12 91. Miller's Ale House's conduct would have been reasonably likely to deter any
13 employee from engaging in a protected activity, and therefore, was plainly retaliatory in violation of
14 NRS 613.340.

15 92. As a result of Miller Ale House's actions, Ms. Assi has suffered lost wages, mental
16 anguish, emotional distress, inconvenience, and loss of enjoyment of life.

17 93. As a result of Miller's Ale House's actions, it has been necessary for Ms. Assi to retain
18 the services of attorneys and she is entitled to reasonable costs and attorneys' fees.

### FIFTH CLAIM FOR RELIEF

### Tortious Constructive Discharge

21 94. Plaintiff repeats and realleges the allegations of the preceding paragraphs of the
22 complaint as though fully set forth herein and incorporates the same herein by reference.

23 95. Ms. Assi's resignation on or around October 2, 2017 was induced by intolerable
24 working conditions as a result of the sexual harassment and hostile work environment she endured
25 from Miller's Ale House managers and employees.

26 96. Despite Ms. Assi's repeated requests for remedial action, Miller's Ale House never
27 sought to cure these violations.

28 97. Instead, after Ms. Assi complained she was told to transfer across town and threatened

1  with a sham "investigation" if she did not comply.

2      98.    Miller's Ale House then allowed Ms. Assi to be the target of a cruel and humiliating
3  attack on July 15, 2017, perpetrated by employees and managers.

4      99.    To add insult to injury, Miller's Ale House allowed the laptop used to display the nude
5  photograph of Ms. Assi to leave the restaurant with Patrick Newell to be delivered to Jon Buck's
6  home. Thus, evidence was likely compromised and Ms. Assi was, and still is, exposed to the risk of
7  further attacks.

8      100.    The lack of concern exhibited by Miller's Ale House in the immediate aftermath was
9  less than indifferent. Miller's Ale House simply told Ms. Assi once again that she should transfer
10 locations and that the incident was merely a computer glitch, not an attack meant to induce her
11 departure from that location.

12     101.    The hostile work environment violated public policy and put Ms. Assi's health at risk
13 and made her feel compelled to resign.

14     102.    Any reasonable employee would have also resigned because of the aggravated and
15 intolerable employment actions and conductions that Miller's Ale House subjected Ms. Assi to on a
16 daily basis.

17     103.    Miller's Ale House was on notice of the intolerable actions and conditions and their
18 impact on Ms. Assi.

19     104.    The situation at Miller's Ale House could have been remedied, but Miller's Ale House
20 instead chose to create intolerable conditions that forced Ms. Assi on disability and out of the
21 workplace.

22     105.    As a result of Miller's Ale House's actions, Ms. Assi has suffered lost wages, mental
23 anguish, emotional distress, inconvenience, and loss of enjoyment of life.

24     106.    It has been necessary for Ms. Assi to retain the services of attorneys and she is entitled
25 to reasonable costs and attorneys' fees.

26     **DEMAND FOR JURY TRIAL**

27     107.    Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff
28 invokes her right to trial by jury in this civil action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For a judgment in favor of Plaintiff against Defendants, and each of them, on the complaint and all claims for relief asserted therein;

2. For an award of economic damages in an amount sufficient to make Plaintiff whole for past and future lost income and benefits and other economic losses suffered by Plaintiff resulting from Defendants' conduct;

3. For an award of compensatory damages from mental anguish, emotional distress, pain and suffering, humiliation, harm to reputation, and other losses incurred by Plaintiff as a result of Defendants' conduct;

4. For an award of prejudgment and post-judgment interest;

5. For an award of punitive damages;

6. For an award of Plaintiff's cost of suit incurred herein; and

7. For an award of attorney's fees and related expenses pursuant to § 706(k) of Title VII, 42 U.S.C. § 2000e-5(k) and other corresponding federal law.

8. For an award of such other relief the Court may deem just and proper.

DATED this 9th day of October, 2017.

Respectfully submitted,

**MAIER GUTIERREZ & ASSOCIATES**

 */s/ Danielle J. Barraza*
JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
DANIELLE J. BARRAZA, ESQ.
Nevada Bar No. 13822
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiff Jasmine Assi*